# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LSN, INC., d/b/a CHRISTEN SOME
DESIGN, a New Mexico Corporation,

   Plaintiff,

  vs.           CIVIL NO. 00-1112 RLP/WWD

ULTRA STORES, INC., an Illinois
Corporation,

   Defendant.

## MEMORANDUM OPINION AND ORDER

  THIS MATTER having come before the court on "Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12(b)(2)" **(Docket No. 8)**, and the court having read the motion, the memoranda in support of and in opposition to the motion, finds that the motion is well taken and will be **granted.**

## FACTUAL BACKGROUND

  The court has reviewed the complaint and the affidavits submitted by Defendant, Ultra Stores, Inc. ("Ultra").  Plaintiff, LSN, Inc., d/b/a Christen Some Design ("LSN") is a New Mexico corporation that manufactures and sells jewelry.  LSN alleges theories of breach of contract, fraud and misrepresentation based upon a business contract between it and Ultra on February 18, 2000.

  LSN and Ultra first came in contact with each other during the weekend of January 28, 2000 at a trade show in Orlando, Florida.  Following the trade show, LSN contacted Ultra and arranged a business meeting in Chicago, Illinois on February 17, 2000.  During

this meeting, LSN and Ultra entered into a consignment agreement wherein LSN would sell certain jewelry under consignment to Ultra.  Following this meeting in Chicago, Ultra faxed its first purchase order pursuant to the contract on April 10, 2000.  On May 1, 2000, Ultra informed LSN that it was canceling the purchase order.  This action followed.

## DISCUSSION

A plaintiff has the burden of proving personal jurisdiction over a defendant once  a defendant challenges personal jurisdiction.  *Tichenor v. Roman Catholic Church of the Archdiocese of New Orleans,* 32 F.3d 953, 961 (5th Cir. 1994).  The submission of an affidavit in support of a motion to dismiss for lack of personal jurisdiction does not convert the motion into one for summary judgment.  *Attwell v. LaSalle Nat'l Bank,* 607 F.2d 1157, 1161 (5th Cir. 1979), *cert denied*, 445 U.S. 954 (1980).  Therefore, the court analyzes the jurisdiction challenge under the standards applicable to a Rule 12(b)(2) motion.

To satisfy the burden of production, a plaintiff must make a *prima facie* showing that the court may exercise personal jurisdiction over a defendant.  *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1075 (10th Cir. 1995).  The court applies the law to the facts set forth in the complaint and any affidavits submitted to determine whether the plaintiff's jurisdictional basis is sufficient.  *Ten Mile Indus. Park v. Western Plains Serv. Corp.,* 810 F.2d 1518, 1524 (10th Cir. 1987).

Under the facts of this case,  LSN must show Ultra committed one of the acts enumerated in the New Mexico long-arm statute and that Ultra's contacts with the state of New Mexico are sufficient to satisfy the due process requirements of the  Constitution.

2

*Rogers v. 5-Star Management,* 946 F.Supp. 907, 910 (D. N.M. 1996).  New Mexico's long-arm statute states in pertinent part:

> A.  Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of business within this state;   . . .(3) the commission of a tortuous act within this state;   . . .
>
> C.  Only causes of action arising from acts enumerated in this section may be asserted against the defendant in an action in which jurisdiction is based upon this section. N.M.S.A.  §38-1-16 (Michie 1987).

LSN argues that the use of an out of state long distance telephone line connected to a New Mexico user during the course and scope of any part of a business deal is enough to transact business within the state pursuant to New Mexico's long-arm statute and to satisfy the constitutional requirement of minimum contacts with the forum state.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).  Ultra's minimum contacts with the forum state are sufficient to support the exercise of personal jurisdiction if "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980).  The court must determine that Ultra, through its conduct, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State".  *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127, 1130-31 (10th Cir. 1987).

LSN maintains that discussing parts of business transactions over the telephone and the use of the same line for fax transmissions is enough to meet the minimum contact

requirement and establish personal jurisdiction over Ultra.  LSN indicates that following the signing of the contract in Chicago, additional requirements and conditions for the performance of the contracts were provided by long distance telephone and long distance fax.  LSN argues that Ultra repudiated the contract by long distance telephone causing the breach of contract claim to arise.   These two arguments are the sole factual basis for LSN's *prima facie* case for minimum contacts with New Mexico.  The court concludes that the use of long distance telephone lines by Ultra in the manner suggested simply does not establish the minimum contacts required to prove Ultra intended to avail itself of the benefits and protections of New Mexico law.  In this case, Ultra was simply responding to the initial contact made by LSN to do business with it.  Ultra's response to the acts of LSN are not sufficient contacts with the forum state to establish personal jurisdiction.  *See Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1534 (10th Cir. 1996).  LSN has not established it *prima facie* case outlining the minimum contacts required to establish personal jurisdiction over Ultra.

**IT IS THEREFORE ORDERED** that "Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12(B)(2)", is **granted.**   Plaintiff's Complaint for Breach of Contract, Detrimental Reliance and Fraud is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

RICHARD L. PULIGISI
United States Magistrate Judge

4

Ousama M. Rasheed, Esquire - Attorney for Plaintiff
Bryan L. Query, Esquire - Attorney for Defendant
Daniel R. Madock, Esquire - Attorney for Defendant
John A. Berg, Esquire - Attorney for Defendant